J.E. Wiederholt Esq. #8312172
Aglietti Offret & Woofter LLC
1016 West 6th Avenue, Suite 403
Anchorage, AK 99501
Telephone:   (907) 279-8657
Telefax:     (907) 279-5534
jackw@aowaklaw.com
Attorneys for Plaintiffs Kenvil Joseph and Diane Malik

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENVIL JOSEPH and DIANE MALIK,<br>　　　Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA and<br>its agency, THE UNITED STATES<br>DEPARTMENT OF AGRICULTURE,<br>and MARJI JO PATZ, Individually and<br>in her alleged capacity as Representative,<br>Employee, and/or Agent of the<br>United States Department of Agriculture,<br><br>　　　Defendants. | **Case No:** 3:26-cv-00038-HRH |

## COMPLAINT FOR DAMAGES

Plaintiffs Kenvil Joseph and Diane Malik, by and through counsel, allege as follows:

### PARTIES

1)   Plaintiffs Kenvil Joseph and Diane Malik are individuals residing in the State of Alaska.

2)   Defendant Marji Jo Patz is an individual who, at all relevant times, operated a motor vehicle owned by the government of the United States of America and/or its agency, the United States Department of Agriculture.

Kenvil Joseph v. United States of America Dept. of Agriculture *et. al.*
Case No: _____
Page 1 of 7

Case 3:26-cv-00038-HRH    Document 1    Filed 01/23/26    Page 1 of 7

3) Defendant United States Department of Agriculture [USDA] is a governmental entity and federal agency of the United States of America.

4) Defendants United States of America and the USDA are named pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, only to the extent such statute is determined to apply and only upon proper certification and substitution as required by law.

## JURISDICTION AND VENUE

5) This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346(b), and to the extent applicable, 28 U.S.C. §§ 1331 and 2679.

6) This Court has supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367.

7) Venue is proper in the United States District Court For The District of Alaska pursuant to 28 U.S.C. § 1391(b) and § 1402(b) because the events giving rise to these claims occurred within the State of Alaska.

8) Plaintiffs expressly allege that, as of the filing of this Complaint, no certification has been issued by the United States Attorney General or her designee establishing that Defendant Patz was acting within the scope of federal employment at the time of the incident and no substitution has occurred.

Kenvil Joseph v. United States of America Dept. of Agriculture *et. al.*
Case No: _____
Page 2 of 7
Case 3:26-cv-00038-HRH   Document 1   Filed 01/23/26   Page 2 of 7

## ADMINISTRATIVE EXHAUSTION
**(Pleaded In The Alternative)**

9) Plaintiffs submitted administrative tort claims[1] to the United States Department of Agriculture on or about July 9, 2025[2].

10) The Defendants, the United States of America and USDA, have failed to issue a written final denial or otherwise dispose of the claims within six months.

11) Plaintiffs plead administrative exhaustion only to the extent required under 28 U.S.C. § 2675 and do not concede that the Federal Tort Claims Act provides the exclusive remedy applicable to all defendants or claims.

## FACTUAL ALLEGATIONS

12) All paragraphs above are incorporated herein as if set forth in full.

13) On August 1, 2024, Plaintiffs Joseph and Malik were operating separate motor vehicles traveling northbound on Richardson Highway near milepost 112, in the vicinity of Tazlina, Alaska.

14) Vehicular traffic was halted due to road construction flagging operations. Both Plaintiffs were lawfully stopped within their respective motor vehicles, one behind the other, and were stationary at the flagging location.

15) While Plaintiffs were lawfully stopped and stationary, a motor vehicle owned by Defendants USDA and/or the United States of America and operated by Defendant Patz approached from the rear at an unsafe speed and was operated in an inattentive and unsafe

---

[1] Exhibit 1 – Form SF-95 for Kenvil Joseph and Diane Malik, along with the Form SF-95 approximately 300 pages of medical reports were included.
[2] Exhibit 2 – Certified Mail Return Receipt for SF 95 + 300 Pages of Documents received by USDA 09 July 2025

Kenvil Joseph v. United States of America Dept. of Agriculture *et. al.*
Case No: _____
Page 3 of 7

manner, including failing to maintain a proper lookout, failing to perceive stopped traffic ahead, and failing to timely brake or otherwise control the vehicle so as to avoid a collision.

16) Defendant Patz failed to slow, brake, or otherwise control her vehicle and violently rear-ended Plaintiff Joseph's vehicle.

17) The force of the impact was sufficient to propel Joseph's vehicle forward into the rear of Malik's vehicle, causing a secondary collision.

18) Both Plaintiffs suffered significant personal injuries, property damage, and economic losses as a direct and proximate result of the collision sequence initiated by Defendant Patz.

19) At the time of the collision, Defendant Patz was operating a marked governmental vehicle on a public highway open to general traffic. Plaintiffs have received no confirmation from Defendants USA, USDA or the US Attorney General or her designee that Patz was acting within the scope of federal employment.

20) The operation of a motor vehicle on a public highway, including compliance with traffic laws and safe driving practices, is a ministerial act and not a discretionary policy function.

21) Plaintiffs on July 09, 2025[3] believe they successfully served the Defendant governmental agency regarding scope, certification, and claim handling. No response has been received.

## CLAIMS FOR RELIEF
## NEGLIGENCE – DEFENDANT PATZ
(Individual Capacity)

---

[3] Exhibit 2 Certified Mail Return Receipt for SF 95 + 300 Pages of Documents received by USDA 09 July 2025
Kenvil Joseph v. United States of America Dept. of Agriculture *et. al.*
Case No: _____
Page 4 of 7

22) All paragraphs above are incorporated herein as if set forth in full.

23) Defendant Patz owed the public generally and the Plaintiffs specifically a duty to safely operate her vehicle with reasonable care under the circumstances.

24) Defendant Patz breached that duty by failing to maintain a proper lookout, driving at an unsafe speed, failing to brake, and failing to avoid a stopped line of traffic.

25) Defendant Patz's negligence was the direct and proximate cause of Plaintiffs' injuries and damages.

### NEGLIGENCE – AGAINST THE UNITED STATES
(Pled in the Alternative)

26) All paragraphs above are incorporated herein as if set forth in full.

27) To the extent Defendant Patz was acting within the scope of federal employment, her negligent acts and omissions are attributable to Defendant United States of America and its governmental agency, Defendant USDA under principles of respondeat superior.

28) Under Alaska law, the conduct described and directly attributable to Patz constitutes negligence, including conduct reflecting reckless disregard for the safety of others, for which a private person would be liable under similar circumstances.

### NEGLIGENT ENTRUSTMENT / SUPERVISION
### GOVERNMENTAL DEFENDANTS
(Pled in the Alternative)

29) All paragraphs above are incorporated herein as if set forth in full.

30) To the extent applicable, the governmental Defendants the United States of America and/or the USDA, negligently entrusted a government vehicle to Defendant Patz and failed to adequately supervise, train, or ensure safe operation by assigning or permitting

Kenvil Joseph v. United States of America Dept. of Agriculture *et. al.*
Case No: _____
Page 5 of 7

Case 3:26-cv-00038-HRH    Document 1    Filed 01/23/26    Page 5 of 7

operation of a government vehicle under circumstances involving stopped traffic and construction flagging operations and where a private employer would owe identical duties under Alaska law.

## DAMAGES

31) All paragraphs above are incorporated herein as if set forth in full.

32) As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, including but not limited to:

    a. Past and future medical expenses,

    b. Physical injury and pain,

    c. Emotional distress,

    d. Loss of enjoyment of life,

    e. Property damage,

    f. Economic losses.

33) The full amount of damages will be proven at trial.

## PRESERVATION OF CLAIMS AND RIGHTS

Plaintiffs Joseph and Malik expressly reserve the right to amend this Complaint in response to any scope-of-employment certification, substitution motion, jurisdictional ruling, or subsequent evidentiary discovery.

Nothing in this pleading may be construed as a concession that the Federal Tort Claims Act provides the exclusive remedy applicable to all claims or defendants.

## PRAYER FOR RELIEF

Plaintiffs Joseph and Malik request judgment against Defendants, jointly and severally as permitted by law, for the full measure of compensatory damages, costs, interest, to the extent permitted by law, and such further relief as the Court deems just and proper.

DATED this _____ day of December 2025 at Anchorage, Alaska.

                **AGLIETTI OFFRET & WOOFTER**
                Attorneys for Plaintiffs
                Kenvil Joseph and Diane Malik

By _____
                J.E. Wiederholt Esq. #8312172
                Aglietti Offret & Woofter LLC
                1016 West 6th Avenue, Suite 403
                Anchorage, AK 99501
                Telephone: (907) 279-8657
                Telefax: (907) 279-5534
                jackw@aowaklaw.com